Court, Appellate Division, Second Department. June 18, 1908.) Action by Sarah H. Barnes and others against the Midland Railroad Terminal Company. No opinion. Motion denied, with $10 costs.

---

BARNES, Respondent, v. TOLKEN, Appellant. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) Action by Daniel V. Barnes against Nathan Tolken. No opinion. Motion denied, on condition that the appellant perfect his appeal within five days and put the cause on the calendar; otherwise, motion granted, with $10 costs.

---

BARR et al., Respondents, v. OMAN et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Action by Max Barr and another against Sophia Oman and another. No opinion. Order of the Municipal Court affirmed, with $10 costs and disbursements.

---

BARTLETT, Respondent, v. REICH, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Action by Homer L. Bartlett against Otto Reich. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

---

BARY et al., Appellants, v. LEVIN, Respondent. (Supreme Court, Appellate Division, First Department. June 12, 1908.) Action by Rosie Bary and another against Jacob Levin. J. Fisher for appellants. S. S. Schwartz, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

---

In re BASS. (Supreme Court, Appellate Division, Second Department. June 18, 1908.) In the matter of the application of Eliza S. Bass for a writ of mandamus against S. Fletcher Allen, supervisor of the town of Cortlandt. No opinion. Order affirmed, with $10 costs and disbursements.

---

BAXTER v. SERVIC. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Alexander R. Baxter against William E. Servic. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

---

In re BAUDER. (Supreme Court, Appellate Division, Fourth Department. May 29, 1908.) In the matter of George N. Bauder, an attorney and counselor at law. No opinion. Issues raised by the charges and answer thereto referred to Hon. Elba Reynolds, an attorney and counselor residing at Belmont, N. Y., to take proofs and report to the court, with his opinion.

---

BEATTIE, et al., Respondents, v. NEW YORK & LONG ISLAND CONST. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 18, 1908.) Action by John Beattie and another, as executors, etc.. of John Beattie, deceased, against the New York & Long Island Construction Company. No opinion. Judgment affirmed, with costs.

---

BECKER et al., Appellants, v. KOVNER, Respondent. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) Action by Morris Becker and another against Louis Kovner. No opinion. Motion granted, with $10 costs.

---

BECHER, Appellant, v. SCHMITT, Respondent. (Supreme Court, Appellate Division, Second Department, June 5, 1908.) Action by Henry Becher against William P. Schmitt. No opinion. Judgment and order affirmed, with costs.

---

BENNETT v. IRONCLAD MFG. CO. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Appeal from Trial Term, Herkimer County. Action by Lewis Bennett against the Ironclad Manufacturing Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted. Frederick Mellor, for appellant. Everett E. Risley, for respondent.

KRUSE, J. The plaintiff is the patentee of certain metal seamless baskets. He made a contract with the defendant, granting the right to make and sell the same, and the defendant agreed to pay therefor, as a royalty, at a fixed price. It is contended by the plaintiff that the defendant made and sold baskets for which the royalty has not been paid. The action is brought to recover the same, and a verdict was rendered in plaintiff's favor for the sum of $540. From the judgment entered thereon, and the order denying the defendant's motion for a new trial, the defendant appeals. The case has been before us once before, and a judgment in favor of the plaintiff was reversed, and a new trial granted. Bennett v. Ironclad Manufacturing Company, 121 App. Div. 133, 105 N. Y. Supp. 593. The crucial fact in controversy between these parties is not the number of seamless baskets which the defendant manufactured and sold. That does not seem to be in dispute, but whether any of them, and, if so, how many, were of the kind and embodied the special features and are covered by the contract between the parties. The defendant contends, and has contended all the way through this litigation, that since the judgment in the action between these same parties declaring the contract forfeited and canceled (Bennett v. Ironclad Manufacturing Company, 90 App. Div. 611, 85 N. Y. Supp. 1126) it has not manufactured or sold metal baskets of the description or kind covered by the contract. I do not see that the plaintiff's case is any stronger than it was when here before. and we reversed the judgment. There is more evidence of the same kind, but it is lacking in probative force upon the question in dispute. The essential element showing that the defendant manufactured and sold baskets embodying the special features named in the contract is